NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATTHEW DENNIS,

Plaintiff-Appellant,

v.

SCOTT KERNAN; et al.,

Defendants-Appellees.

No. 20-16392

D.C. No. 2:16-cv-00542-JAM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

California state prisoner Matthew Dennis appeals pro se from the district

court's order denying his motion for preliminary injunctive relief in his 42 U.S.C.

§ 1983 action alleging deliberate indifference to his serious medical needs. We

have jurisdiction under 28 U.S.C. § 1292(a). We review for an abuse of discretion.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying Dennis's request for mandatory injunctive relief seeking increased pain medication, treatment for his hepatitis, and magnetic resonance imaging tests because Dennis failed to establish that he is likely to succeed on the merits of his claims alleging deliberate indifference to his medical needs. *See id.* (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest); *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (mandatory injunctions are not generally granted unless "extreme or very serious damage will result" (citation and internal quotation marks omitted)); *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We lack jurisdiction to review the district court's dismissal of certain defendants from this action and the denial of Dennis's motion to further amend or supplement his complaint.

We do not consider issues not specifically and distinctly raised and argued in

2                                                          20-16392

the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Clerk shall file the reply brief received on November 16, 2020 (Docket Entry No. 22).

Dennis's motion for judicial notice set forth in his opening brief is denied.

All other pending motions are denied as moot.

**AFFIRMED.**